UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| FELIPE FRIAS and <br> THE'RESA DUNNAVANT, <br><br> Plaintiffs, <br><br> v. <br><br> PATRICIA FRIAS and MARK T. CLAUSEN, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) NO. 2:18-cv-00076 <br> ) CHIEF JUDGE CRENSHAW <br> ) <br> ) <br> ) <br> ) <br> ) |

## ORDER

The *pro se* Amended Complaint filed by plaintiffs Felipe Frias and The'resa Dunnavant asserts 33 causes of action, all related to California litigation between Frias and his former wife, defendant Patricia Frias. (Doc. No. 4.) Before the Court is a Report and Recommendation ("R&R") from the Magistrate Judge (Doc. No. 21) recommending that the Court dismiss this case for lack of jurisdiction under the Rooker–Feldman Doctrine or, alternatively, that Defendant Mark Clausen's pending motion to transfer this case to the United States District Court for the Northern District of California (Doc. No. 5) be granted. Plaintiffs have filed Objections (Doc. No. 23) to the R&R. For the reasons set forth herein, the Court will accept the Magistrate Judge's recommendation and dismiss this case with prejudice.

## I. PROCEDURAL BACKGROUND

Plaintiffs filed their original Complaint on August 31, 2018 and the Amended Complaint on September 12, 2018. Defendant Clausen's Motion to Dismiss the Case Due to Improper Venue or, in the Alternative, to Transfer the Case to the Proper Venue (Doc. No. 5) was filed on September 19, 2018. After Plaintiffs paid the filing fee, the case was referred to the Magistrate

Judge to oversee service of process on Defendants, to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court. The referral order reminded Plaintiffs that they were responsible for effecting timely service of process. (See Order, Doc. No. 17.)

On December 5, 2018, the Magistrate Judge entered an Order noting, among other things, that neither Defendant Clausen's motion to dismiss or transfer nor Plaintiffs' response thereto addressed the application of the Rooker–Feldman Doctrine and the question of whether the Court has subject-matter jurisdiction to hear this case. Accordingly, the Magistrate Judge directed both parties to file briefs on the application of the Doctrine to this case, in light of the fact that it appears that most, if not all, of the Plaintiffs' claims involve state court decisions over which this Court does not have appellate review. (Doc. No. 18, at 2.) The parties were given until December 19, 2018 to file such briefs. Neither party complied with the Magistrate Judge's directive.

The Magistrate Judge filed the R&R on January 25, 2019, exhaustively detailing the claims in the Amended Complaint. As the Magistrate Judge explains, it appears that plaintiff Felipe Frias was formerly married to defendant Patricia Frias. Divorce proceedings were instituted in California in July 2003, in which Ms. Frias was represented by defendant Mark Clausen. The divorce appears to have become became final in 2006, but Ms. Frias and Mr. Frias have been in continuous litigation since that time, primarily in the Superior Court for Sonoma County, California, over the terms of the marital dissolution and the disposition of marital assets. Regarding the case in this Court, "all of the activity complained of in the 33 count complaint involves California litigation and alleged misconduct by the defendant wife [Patricia Frias] and an attorney [Mark Clausen] in

2

California courts, with the exception of litigation started in Chancery Court for White County, Tennessee on April 20, 2017, to attempt to enforce California judgments against Mr. Frias." (Doc. No. 21, at 2.) The Court takes judicial notice that, in the Tennessee case, the White County Chancery Court entered judgment in favor of Patricia Frias against Felipe Frias and The'resa Dunnavant on November 8, 2017, well before the case in this Court was filed, authenticating a judgment entered against Felipe Frias in the California divorce proceeding and imposing a constructive trust on real property Mr. Frias had purchased in Tennessee in violation of orders of the California Court. The Tennessee Court of Appeals affirmed. Frias v. Frias, No. M2017-02391-COA-R3-CV, 2018 WL 5435085 (Tenn. Ct. App. Oct. 29, 2018). Plaintiffs continue to complain in this Court that the judgments entered against them by the California courts were obtained through fraud, false statements, and other procedural irregularities.

The Magistrate Judge interprets the Amended Complaint as requesting that this Court examine, review, and reverse the state court judgments entered in California, effectively acting as an appellate court. The Magistrate Judge concludes that Plaintiffs' claims are barred by the Rooker–Feldman Doctrine which derives from the holdings in Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983). As the Supreme Court explained in Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280 (2005), the Doctrine establishes that appellate jurisdiction to reverse or modify a state court judgment is lodged exclusively in the Supreme Court. The Magistrate Judge recommends dismissal on that basis. In the alternative, he recommends that the case be transferred to the United States District Court for the Northern District of California under 28 U.S.C. § 1404(a), based on the location of the alleged harm and the residence of witnesses.

The R&R specifically notified the parties that they had the right to file specific written objections to the recommendations and that "[f]ailure to file specific objections" could constitute waiver of further appeal. (Doc. No. 21, at 14.)

## II.     PLAINTIFFS' OBJECTIONS

In their Objections, Plaintiffs continue to object to the factual findings and rulings made by the state courts in California in the underlying proceedings. They do not address the Magistrate Judge's conclusion that the Rooker–Feldman Doctrine requires dismissal of the case or that, if the case is not dismissed, it should be transferred to the Northern District of California.

## III.    STANDARD OF REVIEW

When a party files objections to a magistrate judge's report and recommendation regarding a dispositive motion, the district court must review *de novo* any portion of the report and recommendation to which objections are "properly" lodged. Fed. R. Civ. P. 72(b)(3); see also 28 U.S.C. § 636(b)(1)(B) & (C). Only "specific written objections" to the magistrate judge's proposed factual findings and legal conclusions are "proper" under Rule 72(b). Likewise, the applicable statute contemplates *de novo* determination only "of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C) (emphasis added). In conducting its review, the district court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

In this circuit, litigants must file specific and timely objections to a magistrate judge's report and recommendation under 28 U.S.C. § 636(b)(1)(C) in order to preserve the right to appeal a subsequent order of the district court adopting that report. Cole v. Yukins, 7 F. App'x 354, 356 (6th Cir. 2001) (citing Thomas v. Arn, 474 U.S. 140, 155 (1985)). The filing of vague, general, or

conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object. Id. (citing Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995)). Moreover, "an 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." VanDiver v. Martin, 304 F. Supp. 2d 934, 938 (E.D. Mich. 2004).

## IV. ANALYSIS

Plaintiffs have not lodged proper objections to the R&R. They have not identified any specific portion of the proposed findings of fact or legal recommendations to which they object. Instead, they continue to object to the rulings made in the underlying state court proceedings. The failure to raise proper objections is equivalent to filing no objections at all and releases the Court from its duty to independently review the record. See Thomas, 474 U.S. at 150 ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.").

The Court has nonetheless reviewed the record as a whole and finds that the Magistrate Judge correctly concluded that dismissal of Plaintiffs' claims is required by the Rooker–Feldman Doctrine. "Rooker–Feldman is a combination of abstention and *res judicata*." Pletos v. Makower Abatte Guerra Wegner Vollmer, PLLC, 731 F. App'x 431, 434 (6th Cir. 2018), cert. denied, 139 S. Ct. 597 (2018). As the United States Supreme Court has explained, that Doctrine "is confined to cases . . . brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp., 544 U.S. 280, 284 (2005). The Sixth Circuit has explained that The Doctrine "deprives a lower court of jurisdiction only when the cause of the plaintiff's complaints is the state judgment itself." Pletos, 731 F. App'x at 434. "To determine

whether Rooker–Feldman applies, [the Court] must look to the source of the injury the plaintiff alleges in the federal complaint and determine if the injury is the state court itself, or another source—such as a third party's actions." Id. (internal quotation marks and citation omitted). When Rooker–Feldman applies, the federal district court is deprived of jurisdiction and must dismiss the case before it on that basis. See Feldman, 460 U.S. at 476 (a district court is without subject-matter jurisdiction to review the final determinations of a state court in judicial proceedings).

Rooker–Feldman clearly applies to the claims in the Amended Complaint. Although some of the claims are couched in terms of what Ms. Frias said or did in the state court proceedings—forging documents, committing perjury—Mr. Frias actually complains about the results of those proceedings. Mr. Frias's recourse was to object to the evidence introduced in the state court proceedings and to appeal the judgments rendered through the California court system and ultimately through a request for review by the United States Supreme Court. He cannot now appeal those judgments in this Court instead, as he apparently seeks to do: the relief Plaintiffs seek in this Court specifically includes the reversal of orders entered by the California Superior Court for Sonoma County, Tennessee. (See Doc. No. 4, at 11.)

The Court lacks subject-matter jurisdiction to review the judgments entered by the California state courts (or the Tennessee state court) or to issue pronouncements regarding the reliability of evidence admitted in those courts. This case must be dismissed for lack of jurisdiction.

V. **CONCLUSION AND ORDER**

Plaintiffs' Objections (Doc. No. 23), such as they are, are **OVERRULED**, and the Report and Recommendation (Doc. No. 21), specifically the recommendation that the case be dismissed for lack of subject-matter jurisdiction under the Rooker–Feldman Doctrine, is **APPROVED AND**

**ACCEPTED** in its entirety, and this case is **DISMISSED**. Mark Clausen's motion to dismiss or to transfer (Doc. No. 5) is **DENIED AS MOOT**.

This is a final order. The Clerk of Court shall issue a judgment pursuant to the Federal Rules of Civil Procedure and close the file.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR
CHIEF UNITED STATES DISTRICT JUDGE